SAMUEL CROCKETT *vs.* MARGARET PARKE.—*December* 1848.

An appeal will not lie from the judgment of a county court superseding a writ of *certiorari*, by which proceedings before magistrates, under the act of 1793, ch. 43, against a tenant holding over, were brought before said court.

The right of appeal, given by the 6th sec. of the act of 1785, ch. 87, is confined to judgments of the county court in civil suits, actions or prosecutions originating therein, and does not extend to its judgments, when acting as an appellate tribunal, or when exercising a *quasi* appellate jurisdiction.

The uniform judicial interpretation of this act, from its passage to the present time, has denied the right of appeal from judgments of county courts, on appeals from judgments of justices of the peace, rendered under the acts of Assembly for the speedy recovery of small debts, on motions for new

trials, for the postponement or continuance of a cause, or any other matter resting exclusively in the sound discretion of the county court.

APPEAL from *Baltimore* county court.

Upon the application of the appellant, a writ of *certiorari* issued out of *Baltimore* county court, directed to *Samuel D. Price* and *John Wise*, two justices of *Baltimore* county, commanding them to bring before said court certain proceedings had before them, instituted by *Margaret Parke*, the appellee, against the appellant, under the act of 1793, ch. 43, for a forcible entry and detainer.

The principal informality in the proceedings before the justices, alleged in the application, was, that the jury, before they had agreed upon their inquisition, separated without consent of the appellant, and afterwards came together and signed the inquisition.

The court, upon the return of the writ and after examination of the proceedings, ordered the same to be superseded and the clerk to return the proceedings to the justices, and the sheriff to proceed in execution of the writ of restitution.

From this order the present appeal was taken by the appellant, which the appellee moved this court to dismiss.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN, MAGRUDER and FRICK, J.

By STEWART and GWINN for the appellant, and
By T. P. SCOTT for the appellee.

DORSEY, C. J., delivered the opinion of this court.

On the motion to dismiss the appeal before us, the only question for our determination is, does the sixth section of the act of 1785, ch. 87, warrant such an appeal? If it does, then the motion to dismiss must be over-ruled; if it does not, then the present appeal must be dismissed. In 2 *Tidd's Prac.*, 1188, it is said, "that whenever a new jurisdiction is erected by act of Parliament, and the court or judge that exercise this jurisdiction, act as a court or judge of record, according to the course of the common law, a writ of error lies on their judg-

ments; but when they act in a summary way, or in a new course different from the common law, then a writ of error lies not, but a *certiorari.*" If this be true, and of its correctness there cannot be a doubt, it is apparent, that the county court, in acting on the proceedings brought before it by the *certiorari*, exercised a jurisdiction of an appellate character. After the exertion of that limited appellate power, all cognizance of the subject matter by the county court was at an end. Unless it be derived from the act of 1785, there is no act of Assembly which, in terms, or by any reasonable implication, gives to this court any authority to review such a proceeding of the county court. On the contrary, the provisions of the act of 1793, ch. 43, furnish the strongest grounds for the rejection of any such implication. It is entitled, "an act to provide a summary mode of recovering the possession of lands and tenements, holden by tenants for years, or at will, after the expiration of their terms." And the expedition with which its enactments are required to be executed, is inconsistent with the right of appeal, by which this case has been brought before us. The recognition of such a right would, for the most part, if not wholly, defeat every object of the act of Assembly, contemplated by the legislature in its passage.

To the possession of such an appellate power, this court can prefer no claim, unless it be derived under the sixth section of the act of 1785, ch. 87, which enacts, "that any party or parties aggrieved by any judgment or determination of any county court, in any civil suit or action, or any prosecution for the recovery of any penalty, fine or damages, shall have full power and right to appeal from such judgment or determination to the general court." The appellate powers of the general court, upon its abolition, were transferred to the Court of Appeals. To give to this section of the act of 1785 a literal construction, its terms are certainly broad enough, not only to confer on this court the jurisdiction it is now called on to assume, but to invest it with full appellate powers, over every judgment or determination, of any nature or description, which may be pronounced by a county court, "in any civil suit or action." Literally to interpret this act of Assembly, and the

right of appeal exists from all judgments or determinations in civil actions of a county court, on motions for new trials, for the postponement or continuance of a cause, for the amendment of pleadings, or any other matter resting exclusively in the sound discretion of the county court. And yet from the passage of the act of 1785, down to the present day, its judicial interpretation has denied, in such cases, the existence of the right of appeal. So also a like denial to the appellate power of this court, has again and again been pronounced by this court, on appeals brought before it from the judgments of county courts, on appeals from the judgments of justices of the peace, rendered under the acts of Assembly for the speedy recovery of small debts. And a principle, equally decisive against the right of appeal in the case before us, and against the literal construction of the act of 1785, was adjudicated by the Court of Appeals, in the case of the *Wilmington and Susquehanna Rail Road Company vs. Condon*, 8 *Gill & John.*, 443, and in the case of *The Savage Manufacturing Company vs. Owings*, 3 *Gill*, 498.

From a careful consideration of the 6th section of the act of 1785, ch. 87, and the adjudications upon it, which have been made by this court, we are of opinion, that the right of appeal thereby given, was confined to judgments or determinations of the county court, in civil suits or actions, or prosecutions originating therein, and did not extend to its judgments or determinations, when acting as an appellate tribunal; not, as in the case before us, where it was exercising a *quasi* appellate jurisdiction. The appeal in this case is dismissed.

APPEAL DISMISSED.