# BALTIMORE and HAVRE-DE-GRACE TURNPIKE COMPANY *vs.* THE NORTHERN CENTRAL RAILWAY COMPANY.

A railroad company was proceeding, under its charter, to condemn *part* of a turnpike which the railroad was to *cross;* pending the proceedings, they were brought before the Superior court by a writ of *certiorari*,

issued at the instance of the turnpike company, and the writ, having been returned, was *quashed*. The charter of the railroad company provides for the *confirmation* of the inquisitions by the county courts, if no cause be shown to the contrary, and *no appeal* from the judgment of confirmation is provided for. Upon appeal from the order *quashing* the *certiorari*, HELD:

That the writ was properly *quashed* by the Superior court, for want of jurisdiction over the subject-matter at that stage of the proceedings; the want of power in the railroad company to condemn the property, (if they had no such power,) could have been shown as cause against the confirmation of the inquisition.

Whether an appeal lies in cases of *certiorari*, may depend on the nature of the proceedings, and the object for which that remedy may have been invoked.

Where the court, on return of the writ of *certiorari*, is called upon to exercise a *quasi* appellate power in examining the proceedings of an inferior jurisdiction which has authority to act in the premises, the judgment is final and no appeal lies to this court.

But where the writ is sued out to test the *power* and jurisdiction of the inferior authority to act at all in the matter, the court to which the writ is returned acts in its ordinary common law capacity, and an appeal will lie.

Where the circuit court is clothed with a special jurisdiction, and no appeal to this court is provided for, the judgment is *final*, whether pronounced in the exercise of original jurisdiction, or in the nature of an appeal from some inferior authority.

Error to the Superior Court of Baltimore city.

It appears from the record in this case that by the Act of 1853, ch. 191, the appellee was authorised to make a lateral road from its main stem to tide water, and for that purpose to exercise all the powers given in its original charter, (Act of 1827, ch. 72,) and its supplements. In the exercise of these powers, the appellee finding it necessary, to *cross* the Turnpike of the appellant, had a warrant issued, under the provisions of the 15th section of the Act of 1827, ch. 72, for the condemnation *of part* of the appellant's turnpike in perpetuity, over which to construct such lateral road, and by virtue of this warrant, the sheriff summoned a jury for such condemnation. Thereupon, and before the warrant was fully executed, the appellant, a company duly incorporated by the Act of 1813, ch. 167, filed its petition in the court below for a *certiorari* to the sheriff, ordering him *forthwith* to return

and certify this warrant and all his proceedings thereunder, to that court, to be read, adjudged and determined as to law and justice shall appertain. The writ was issued, and the sheriff having returned the same, and with it the warrant of condemnation, and what he had done thereunder, the appellee moved to *quash* the writ. This motion the court (LEE, J.) granted and remanded the warrant and proceedings to the sheriff to proceed thereunder, according to law. Thereupon, the appellant sued out the present writ of error to review this order of *cassetur*.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Geo. H. Williams* and *John Nelson,* for the appellant:

The appellee, neither by its charter, nor any supplement, had any power given to it to condemn a franchise, and the jurisdiction, therefore, of the justice to issue the warrant, and of the sheriff to proceed under it, was *usurped,* and *certiorari* was the true remedy for the appellant. It is a proper remedy in any case in which an inferior authority is exceeding or usurping jurisdiction. The court in issuing it in such a case, is acting in its ordinary common law capacity, and an appeal from its action on the writ, lies in all such cases. The case of *Crockett vs. Parke, 7 Gill,* 238, was a case of a tenant holding over, and in which, under the Acts of Assembly in relation to that subject, an *appeal* lay to the county court, and its judgment on such appeal was *final.* But here the foundation of the writ is, that the inferior authority attempted to *usurp jurisdiction*—to do that which it had no authority to do—and is precisely similar to the case of *Swann vs. Mayor & City Council of Cumberland,* 8 *Gill,* 150, where it was held, that an appeal to this court would lie from the action of the court below on the *certiorari.* The motion to quash or dismiss this writ of error, cannot therefore prevail.

*J. Mason Campbell* for the appellee:

This was no case for a *certiorari*, and the court below was right in quashing it. The Act of 1827, ch. 72, sec. 15, (the charter of the appellee,) directs that an inquisition taken on a condemnation warrant shall be returned to the county court, where it shall be confirmed, if no cause is shown to the contrary. Full jurisdiction, therefore, is given to the county court to examine every posssible question, from the one that lies at the threshold of the proceeding—the power to issue the warrant—down to its close, and whether the same affect substance or form. There was no necessity, therefore, for a *certiorari* to accomplish what was provided for by means of the summary proceedings authorized by the court whose function it was to receive, examine, and, if right, approve and record the inquisition. The case of *Swann vs. The Mayor & City Council of Cumberland,* 8 *Gill,* 150, allowed a *certiorari* in the case of an excess of power in some proceedings of the corporate authorities of Cumberland, but, as will be seen by reference to the Act of 1815, ch. 136, under which the proceedings took place, there was no special jurisdiction vested anywhere to review those proceedings. The common law remedy, therefore, was the only one to which resort could be had. In this case, however, there is provision made for the review of the proceedings under the warrant. The county court in so doing is acting under a special authority and is clothed with a special jurisdiction, and no appeal is provided to this court from their judgment therein. The appellant could not have taken an appeal from the judgment of confirmation, nor could we have appealed from a refusal to confirm, (8 *G. & J.,* 443, *Condon's case,*) and yet they seek to try under this writ of error, the very questions which would have been *finally* decided by the circuit court upon the confirmation or rejection of the inquisition. The case is evidently similar to that of *Crockett vs. Parke,* 7 *Gill,* 237, and the writ of error must be dismissed, or quashed, or, at least, there was no error in the action of the court below in quashing the *certiorari.*

*Note.*—The further argument, on both sides, as to the power of the appellant to condemn the property in question, is omitted.

TUCK, J., delivered the opinion of this court.

Whether an appeal lies in cases of *certiorari* may depend on the nature of the proceedings, and the object for which that remedy may have been invoked.

Where, as in the case of *Crockett vs. Parke,* 7 *Gill,* 237, the court on the return of the writ is called upon to exercise a *quasi* appellate power in examining the proceedings of an inferior jurisdiction, which has authority to act in the premises, the judgment is final, and no appeal lies to this court. But where, as in *Swann vs. Mayor & C. C. of Cumberland,* 8 *Gill,* 150, the writ is sued out to test the power and jurisdiction of the inferior authority to act at all in the matter, the court to which the process is returned acts in its ordinary common law capacity. The proceeding is not limited or special, in the sense in which these terms are generally employed, nor appellate, but according to the course of the common law, and an appeal will lie. This we take to be the distinction between these cases, and if they cannot be so reconciled, the latter must be regarded as overruling the former. *Crockett vs. Parke* originated in a proceeding for a forcible entry and detainer in which justices of the peace are clothed with jurisdiction to be exercised in the manner prescribed by law. In the other case the corporate authorities of Cumberland sought to levy taxes for improvements under an ordinance which they had no power to pass, and which, therefore, conferred no authority on the commissioners to improve the street in the manner attempted by them. In the first case the appeal was dismissed; in the other it was entertained, the judgment below reversed, and the proceedings of the authorities of Cumberland quashed. This case, therefore, would be an authority for our considering the questions presented by the record, were it not for a well settled doctrine of this court, that where the circuit court is

clothed with a special jurisdiction, and no appeal to this court is provided for, the judgment is final, whether pronounced in the exercise of original jurisdiction, or in the nature of an appeal from some inferior authority. *Condon's case*, 8 *Gill & Johns.*, 443. *Carter vs. Dennison*, 7 *Gill*, 157. 8 *Md. Rep.*, 5, *Lammott vs. Maulsby*.

The charter of the appellee (1827, ch. 72, sec. 15) provides for the confirmation of inquisitions by the county courts, if no sufficient cause be shown to the contrary. The words employed, as we think, embrace the questions suggested and argued in this cause, including, as well, the right of the appellee to condemn the franchise of the appellant, for no better cause could be assigned against the confirmation than want of power to condemn the particular property proposed to be taken. We could not revise a judgment confirming the inquisition without interfering with the exclusive jurisdiction of that court. The Act of 1815, ch. 136, under which the authorities of Cumberland claimed the power they sought to exercise, does not require a confirmation by any court; the appellant, Swann, therefore, was entitled to test the power by the process of *certiorari*, as a common law remedy. The principle here stated was recognized in the case of *Hamilton vs. Annapolis & Elk Ridge Rail Road Co.*, 1 *Md. Rep.*, 553. One of the positions there taken against the company was, that it had no authority, under the charter, to hold a second inquisition for the condemnation of land for the uses of the railroad, but the court held that the county court was the proper place to have resisted the inquisition; a tribunal having exclusive and final jurisdiction over that matter, and from whose decision there was no appeal. We are of opinion, therefore, that the Superior court properly quashed the *certiorari* for the want of jurisdiction over the subject-matter at that stage of the proceedings.

*Order affirmed with costs.*

(Decided February 28th, 1860.)