Rundle *vs.* Mayor and City Council of Baltimore.

*Judgment affirmed.*

(Decided 4th March, 1868.)

---

## JOSEPH RUNDLE *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

### *Appeal—Limited Jurisdiction.*

The right of appeal from the decisions of the Commissioners for Opening Streets, being given to the Criminal Court of Baltimore, it is the exclusive province of that Court to determine whether such an appeal has been regularly and properly taken, and its judgment thereon is final and conclusive, no right of appeal therefrom having been given by statute.

If no appellate power had been conferred on the Criminal Court of Baltimore in such cases, its judgments unwarrantably pronounced in assertion of jurisdiction over the subject, might by appeal be reviewed and reversed in this Court.

Rundle *vs.* Mayor and City Council of Baltimore.

The Criminal Court of Baltimore, in reference to proceedings had therein, on appeal from the decision of the Commissioners for Opening Streets, is clothed only with a special and limited jurisdiction, to be exercised in a particular manner, and not according to the course of the common law; and from a judgment rendered in the exercise of such special jurisdiction, in the absence of express right given by statute, no appeal will lie to this Court, whether the judgment be pronounced in the exercise of original jurisdiction, or on appeal from some inferior authority.

APPEAL from the Criminal Court of Baltimore.

This is an appeal from the judgment of the Criminal Court of Baltimore, dismissing an appeal from the award of the Commissioners for Opening Streets, in the matter of the opening of West street. The Ordinance for condemning and opening West street was approved 25th July, 1857. It was passed by the Mayor and City Council of Baltimore, in pursuance of the powers granted by the Acts of Assembly of 1838, ch. 226, 1845, ch. 31, and 1856, ch. 164, and in accordance with the provisions of the Ordinance approved 9th of March, 1841, and which will be found embraced in Ordinance No. 15, of the Revised Ordinances of 1858. The Commissioners for Opening Streets, in pursuance of the 8th sec. of Ordinance No. 15, on the 1st of March, 1859, made their return, which was duly published. Subsequently they reviewed their work, and having made such corrections and alterations as appeared to them just and proper, on the 28th of March, returned the same to the Register, who on the following day, gave the notice required by the 8th sec. of Ordinance No. 15, and after thirty days, on the 29th of April, following, handed over the matter as finished and closed, to the City Collector, who collected a portion of the benefits assessed for the opening of said West street. On the 3d of May. 1859, the appellant took his appeal to the Criminal Court of Baltimore, and on the 16th of January, 1860, the same was dismissed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Thomas Yates Walsh*, for the appellant:

This appeal was taken to the term ensuing the rendition of the award of the Commissioners for Opening Streets. It was taken in pursuance of the Act of 1817, relating to the opening of streets, which gives the right of appeal to the Court in course. The Act of 1838, giving certain powers to the Mayor and City Council of Baltimore, " binds them to provide an appeal;" and under this language, the corporation undertakes arbitrarily, to say, that the appeal shall be taken within thirty days. The language *conferred* no power, it simply imposed upon the city a restriction and an obligation, to prevent their doing any thing against the constituted right of *appeal.* The law declares that a Judge shall grant an appeal. Does this give him a right to fix the period within which it is to be taken? We think not. Admit for the sake of argument, that the appeal is regulated by the *Ordinance.* That provides that the appeal is to be taken *within thirty days,* and that an advertisement giving notice of the time in which the appeal may be taken, is to be printed in four newspapers of the city, and the time is to be computed from the first publication. There is no evidence in the record to show that any advertisement of notice, was inserted in any newspaper, at any time. But why elaborate this point? This Court has decided in the case of *The Methodist Episcopal Church vs. The Mayor and C. C. of Baltimore,* 6 *Gill,* 401, that the time is to be computed from the publication of the assessment; and there is no pretence of any such publication in this case. The appeal was taken in time, regulated as that is by the Act of 1817. It may be further said, that the motion to dismiss came too late. The case had been continued with the consent of the Attorney for the city, from May term, 1859, to January term, 1860. By the continuation of the case, the costs were increased. Is it competent for a party thus to create a belief, that he means a fair trial, and then start an objection like this? The little delay in filing the petition, was the fault,

if any, of the counsel in the case, and injured no mortal man, nor individual interest. The motion to dismiss is, in all respects, unworthy of a great corporation, whose pride and glory it should be, to see that the rights of her people were fairly examined and fully protected, without the intervention of mere formal points. It should, at all events, be subjected to the sternest criticism. The motion is not properly *entitled*, and should not have been received. The first requisite is wanting—it does not give the names of the parties to the cause.

*John L. Thomas, Jr., W. J. Waterman* and *Charles J. M. Gwinn,* for the appellees :

The question as presented by the record is simply, shall the decision of the Criminal Court, dismissing an appeal from the Commissioners for Opening Streets, because it was not taken within the time limited by law, stand or not? If this Court decide that it has the right to review this order, and shall deem the same proper and affirm it, the whole matter ends; if it should reverse it, the case goes back to the Criminal Court for adjudication on its merits. This Court is thus relieved from an examination of the merits of the case. This Court ought not to disturb the decision of the Court below, if it could, for it is manifestly right. But we submit that this Court has not the power, rightfully, to disturb said decision. It is the province of the appellate Court, and not the inferior Court to determine, whether, in any case, and when, an appeal will lie. *Oliver vs. Palmer and Hamilton,* 11 *Gill & John.,* 137 ; *Keighler, et al. vs. The Savage Manufacturing Co.,* 12 *Md. Rep.,* 383. It was, therefore, the exclusive prerogative of the Criminal Court, to decide what appeals might lie to it, and that without review by appeal. The only manner of reviewing such decision, would be by a writ of error *coram nobis,* to the same Court, or a writ of error to this Court. No appeal lies from a special limited jurisdiction, unless provided by legislative enactment. *Carter and Wife*

*vs. Dennison,* 7 *Gill,* 164. The Criminal Court is, *quoad* the opening of streets, one of special limited jurisdiction, from which no appeal lies, unless provided by law; and there is no such provision. "As a general rule, an appeal will lie in any civil case, where the Court below proceeds under its usual and general jurisdiction. It would be otherwise in a case where a special jurisdiction was to be given to the County Court, to be exercised in a peculiar mode, and not to be proceeded in according to the course of the common law; or where an appeal is given to it from some inferior tribunal." *Swann, et al. vs. The Mayor and C. C. of Cumberland,* 8 *Gill,* 152. By the Act of 1837, ch. 259, provision is made for an appeal from the decisions of the Commissioners of Baltimore County, in regard to opening public roads in said county, to Baltimore County Court; but no appeal lies to the Court of Appeals from the judgment of the County Court in such cases. *Webster, et al. vs. Cockey, et al.,* 9 *Gill,* 93. This is identically our case, the names and localities being changed. "Where the Court, on the return of the writ of *certiorari,* is called upon to exercise a *quasi* appellate power in examining the proceedings of an inferior jurisdiction, which has authority to act in the premises, *the judgment is final,* and no appeal lies to this Court. But where the writ is sued out to test the power and jurisdiction of the inferior authority to act at all in the matter, the Court to which the process is returned acts in its ordinary common law capacity, and an appeal will lie. But where the Circuit Court is clothed with a special jurisdiction, and no appeal to this Court is provided for, the judgment is *final,* whether pronounced in the exercise of original jurisdiction, or in the nature of an appeal from some inferior authority." *Baltimore and Havre de Grace Turnpike Co. vs. Northern Central R. R. Co.,* 15 *Md. Rep.,* 193. From these authorities, it would seem, that once exercising the right of appeal, exhausts it, unless otherwise provided by law; so that an *appeal from an appellate decision, will not lie,* without an enabling law; nor will it from a Court exercising a special

and limited jurisdiction, though exercising it as original. Both of these principles apply to this case. The Criminal Court was exercising a special limited jurisdiction, *quoad hoc*, and that in an *appellate capacity*. For a double reason, therefore, would an appeal be inhibited, there being no enabling act. Whether, therefore, the Criminal Court decided right or wrong in the matter, its judgment is final and conclusive, from which no appeal can lie. This appeal, therefore, should be dismissed.

ALVEY, J., delivered the opinion of this Court.

The appeal in this case is taken from a decision of the Criminal Court of Baltimore, dismissing an appeal prosecuted to that Court, from the determination of the Commissioners for the Opening of Streets, and the first question for this Court to decide is, whether this appeal lies? We think it does not. If no appellate power whatever had been conferred on the Criminal Court of Baltimore in such cases, its judgments unwarrantably pronounced in assertion of jurisdiction over the subject, might by appeal be reviewed and reversed in this Court. But the right of appeal was given to the Criminal Court, and it was exclusively for that Court to decide whether the appeal was regularly and properly taken to it. Its judgment upon the subject is final and conclusive, there being no right of appeal given by statute from such judgment. In regard to proceedings taken into the Criminal Court on appeal from the decision of the Street Commissioners, that Court is clothed only with a special and limited jurisdiction, to be exercised in a particular mode, and not according to the course of the common law; and it has been repeatedly decided that from a judgment rendered in the exercise of special jurisdiction, in the absence of express right given by statute, no appeal will lie to this Court, and whether the judgment be pronounced in the exercise of original jurisdiction, or on appeal from some inferior authority, makes no difference. There being no provision of law authorising an

appeal to this Court in such a case as this, the appeal from the decision of the Criminal Court must therefore be dismissed; and the cases of *Savage Man'g. Co. vs. Owings,* 3 *Gill,* 497; *Swann vs. Mayor, &c. of Cumberland,* 8 *Gill,* 152; *Webster vs. Cockey,* 9 *Gill,* 93; and *Baltimore and-Havre de Grace Turnpike Co. vs. Northern Central R. R. Co.,* 15 *Md. Rep.,* 193, may be referred to as conclusive authorities upon the question.

*Appeal dismissed.*

(Decided 13th March, 1868.)