# ELIHU E. JACKSON *vs.* WILLIAM C. BENNETT AND OTHERS.

## *Oyster Beds—Appeal.*

No appeal lies from the determination of a Circuit Court that a lot in the waters of this State, located and appropriated by a party under Code Art. 72, Sec. 39, for the purpose of bedding oysters, is a natural bed or bar of oysters, and setting aside his location.

Appeal from the Circuit Court for Dorchester County.

On March 23, 1894, the appellees filed a petition in said Court setting forth that the appellant recently located and appropriated five acres in the waters of Holland's Straits, in Dorchester County, for the purpose of preserving, bedding or sowing oysters ; that the said five acres are a natural bed or bar of oysters ; that the appropriation thereof by the appellant would injure the petitioners in their right to take oysters from the same, and praying that the location might be annulled and vacated. The appellant demurred to the petition, and his demurrer being overruled, excepted. After hearing evidence, the Court below (LLOYD, J.) found that the oyster lot in question had been located by the appellant within twelve months before the filing of the petition ; that the same is a natural oyster bed or bar, and ordered that the location be vacated and set aside.

The cause was argued before ROBINSON, C. J., McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Toadvin & Bell*, and *John R. Pattison*, for the appellant, submitted the case on brief.

*Phillips L. Goldsborough* and *Alonzo L. Miles*, for the appellees.

ROBINSON, C. J., delivered the opinion of the Court.

Sec. 39, Art. 72 of the Code, provides that any owner of lands bordering upon any of the waters of this State, shall have the right to locate and appropriate in any of the waters adjoining his lands, one lot of five acres, for the purpose of protecting, preserving and bedding of oysters; and any male citizen of the State shall have the power to locate and appropriate one lot of five acres, and no more, in any of the waters of the State; provided thirty days notice in writing shall be given to the owner or occupant of land bordering on said waters; and provided, however, *that no natural bar or bed of oysters shall be so located and appropriated.* And the Code further provides, that if any one shall be charged with locating any natural bar or bed of oysters, contrary to the provisions of the statute, the question may be at once submitted by any person interested to the Judge of the Circuit Court of the county where such questions shall arise, who, after having given notice to the parties interested, shall proceed to hear testimony, "and his decision shall be recorded and shall in all cases be *conclusive evidence of title* in regard thereto."

Upon the petition of sundry citizens of Dorchester County entitled to take oysters within the waters of said county, the learned judge of the Circuit Court of that county, to whom the question was submitted, being of opinion that the lot located by the appellant *was a natural bar or bed of oysters*, adjudged that the appellant acquired no title to the lot in question, and ordered that the location thus made by him be set aside. And from this judgment this appeal is taken.

No principle is better settled than that where a tribunal exercises a *special jurisdiction conferred by statute;* its judgment is final and conclusive, unless the statute provides for an appeal. *Rundle* v. *Mayor & C. C., Balto.,* 28 Md. 356; *Page* v. *Mayor & C. C., Balto.,* 34 Md. 558; *George's Creek Co.* v. *New Central Coal Co.,* 40 Md. 425.

In the statute now under consideration no provision is

made for an appeal from the judgment of the Judge of the Circuit Court, upon whom this special jurisdiction is conferred; on the contrary, it provides that his decision in the premises shall be final and conclusive as to the title of the lot in question. And this being so, we have no power to review the judgment rendered by him.

*Appeal dismissed.*

(Decided November 22d, 1894.)