# THE CUMBERLAND VALLEY RAILROAD COMPANY *vs.* MICHAEL H. MARTIN ET AL.

### *Jurisdiction of County Commissioners to Open Roads—Appeal.*

The jurisdiction of County Commissioners to condemn and open roads is special and limited under Code, Art. 25, and it must appear upon the face of the proceedings that everything prescribed as necessary to the exercise of the jurisdiction has been done. In this case the Circuit Court on appeal confirmed the act of the County Commissioners ratifying the proceedings of examiners in opening a new road, but it nowhere appears in the record or upon the face of the proceedings that the examiners who acted in the case were "free holders in the county, and not interested in, or holding lands through which the road is proposed to be opened," as is required by Code, Art. 25, sec. 86. *Held*, that the failure to show that this condition of the jurisdiction of the commissioners had been complied with renders the proceedings invalid; that an appeal lies from the judgment of the Circuit Court since it was without jurisdiction in the premises, and that the judgment must be reversed and the proceedings quashed.

Appeal from the Circuit Court for Washington County (WITZENBACHER, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*George W. Smith, Jr.*, and *J. Clarence Lane*, for the appellant.

*Wm. H. A. Hamilton* and *Elias B. Hartle* (with whom was *Jos. W. Wolfinger* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

On the 17th of March, 1903, the appellees made application to the County Commissioners for Washington County, under Art. 25, of the Code of Public General Laws, for the opening of a public road near Maugansville, in that county.

Subsequently, examiners were appointed to examine and determine whether the public convenience required the opening of a road, as stated in the petition.

On the 9th day of June, 1903, a return and report was submitted by the examiners, deciding that the public convenience of the neighborhood required a road to be opened, as shown by an annexed plat returned with the commission.

Afterwards a counter petition was filed by the appellant, and after a hearing by the County Commissioners, the examiner's report was ratified and confirmed. And on appeal to the Circuit Court of Washington County a judgment was rendered for the defendants, assessing the damages at $100 in favor of the appellant. From this judgment, the appeal in this case has been taken.

At the trial of the case in the Court below, three exceptions were reserved by the appellant, two to the ruling of the Court on the admissibility of evidence, and one to its rulings on the prayers.

As it is apparent from an examination of the record in this case, that the County Commissioners of Washington County, failed to comply with the requirements of the statute, sec. 83, Art. 25 of the Code of Public General Laws, conferring jurisdiction upon the County Commissioners of each county in the State to open public roads, it will not be necessary for us to consider the other questions raised on the record.

It is admitted that this Court could not review on appeal the action of the Circuit Court for Washington County, if that Court had jurisdiction to enter the judgment appealed against, because a judgment of the Circuit Court on appeal from the County Commissioners is final and conclusive, and no right of appeal is given by the statute. *Greenland* v. *County Commissioners*, 68 Md. 59.

If, however, the County Commissioners exceed the jurisdiction conferred by the statute, it is clear, an appeal lies to this Court, from the action of the Circuit Court. *Smith* v. *Goldsborough*, 80 Md. 49.

In *Winchester* v. *Cecil County*, 78 Md. 262, where the proceedings failed to show that the consent in writing of the owner, as required by the statute, was given to the opening of a public road through a yard, it was said: "It must be borne

in mind we are not dealing with a judgment of a Court of record exercising a general jurisdiction according to the common law, but with a judgment rendered by a Board of County Commissioners, exercising a special and limited jurisdiction conferred by statute.   And this being so, it is well settled when such a judgment is offered in evidence, every essential fact necessary to the exercise of the jurisdiction, must appear upon the face of the judgment itself, or upon the face of the proceedings, which under the statute, may be considered as part of such judgment."

The powers of the County Commissioners to open and close public roads are regulated by statute, and the jurisdiction as conferred being special and limited "must be administered in the manner and according to the terms of the law creating it." *Barrickman* v. *Commissioners of Harford County*, 11 G. & J. 56.

By the 83rd section of Art. 25 of the Code it is provided that whenever the County Commissioners shall deem it expedient that examiners should be appointed to view the ground for the purpose of opening, altering or closing a road, they shall appoint *three persons as examiners who shall be freeholders in* the county, and *not interested*, nor *holding lands through* which the road is proposed to be opened, altered or closed.

Now it nowhere appears among the proceedings in this case that the examiners appointed by the County Commissioners for the purpose of opening the road in question "were freeholders in the county, and not interested, nor holding lands through which the road was proposed to be opened."

These were special requirements by the statute, and not having been complied with by the Commissioners, their proceedings thereunder are invalid.

If the Commissioners had no jurisdiction by reason of this failure to act in conformity with the statute, it is quite certain that the Circuit Court had no jurisdiction to enter a judgment that could validate these proceedings.

It therefore must follow that the motion to dismiss this appeal will be overruled, and as the Circuit Court of Washington

County was without jurisdiction to enter the judgment appealed from, it will be reversed and the proceedings quashed.

*Judgment reversed and proceedings quashed with costs.*

(Decided January 12th, 1905.)