SARAH STEPHENS, ANNIE R. KEISTER and
AUGUSTUS WARD

*vs.*

MAYOR AND COUNCIL OF CRISFIELD.

*Streets: condemnation of land; damages and benefits; jurisdiction of Circuit Courts; motions in arrest of judgment; appeals from courts of limited jurisdiction.*
*Appeals to Court of Appeals.*

Where a Circuit Court sits as an appellate court, under statutory authority, no appeal will lie from the judgment of the Circuit Court to the Court of Appeals, unless expressly given by statute, excepting in cases where the Circuit Court has exceeded its jurisdiction.                              p. 193

In cases properly before the Court of Appeals, a motion of arrest brings up the whole record.                          p. 193

Excepting in cases properly before the Court of Appeals, the mere fact that, in proceedings below, a motion in arrest of judgment was interposed, does not empower the Court of Appeals to review all the rulings of the lower Court, irrespective of whether or not jurisdictional questions were presented.
                                        pp. 193-194

Where a statute empowering a municipal corporation to widen streets and condemn property provided that certain examiners should "ascertain whether any, and what amount in value of damages would be caused thereby, for which the owner ought to be compensated, *over and above* the amount and value of benefits which will thereby accrue to the owner," it does not imply that the amount assessable for benefits must be less than the amount allowed for damages.          p. 194

*Decided January 15th, 1914.*

Appeal from the Circuit Court for Somerset County (STANFORD, J.).

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Joseph L. Bailey* and *Thomas S. Hodson,* filed a brief for the appellants.

*Clarence P. Lankford,* filed a brief for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

By sec. 87 of the Charter of Crisfield, as amended by Ch. 529 of the Acts of 1910 (p. 1094), the Mayor and Council are vested with the control of the streets of said town and, among other things, are empowered to widen any of the existing streets.    Provision is therein made for the appointment of examiners, and their course of procedure is prescribed.  After the performance of their duties, return is made by them to the Mayor and Council of their findings, which, after due

notice to the interested parties, is set for hearing and "may be ratified or rejected or altered and amended." Anyone aggrieved by the decision of the Mayor and Council may appeal to the Circuit Court for Somerset County, "and the same proceedings shall be had upon appeal as in the case of appeal from judgments of justices of the peace."

It was determined by ordinance by the Mayor and Council to widen one of the streets of the town, and a commission was issued to three disinterested citizens, with instructions to locate boundaries, and prepare an explanatory map of the street to be widened, together with the amount of damages awarded to each owner whose property would be taken, and also the amount of benefits assessed to each lot, after having first given notice of the time and place of their meeting for the purpose. After performing the requirements of their commission, the examiners made return of their findings to the Mayor and Council, which in due course was ratified by them. The appellants prayed an appeal to the Circuit Court where, after trial, the finding was affirmed. From that ruling this appeal is taken.

At the very outset, we are met with the question as to whether this Court has jurisdiction to consider this appeal.

It is firmly settled, in a long list of cases, that where the Circuit Court sits as an appellate court under statutory authority, no appeal will be to this Court from the judgment of the Circuit Court, unless expressly given by the statute. The only exception to this being, that if the Circuit Court has exceeded its jurisdiction, then the judgment will be reversed. But where the Court has acted within its special jurisdiction, its judgment is final and conclusive, and is not subject to review by this Court: *W. and S. R. R. Co.* v. *Condon,* 8 G. & J. 443; *Webster* v. *Cockey,* 9 Gill, 94; *Turnpike Co.* v. *R. R. Co.,* 15 Md. 198; *Hough* v. *Kelsey,* 19 Md. 451; *Kinnear* v. *Lee,* 28 Md. 488; *Rayner* v. *State,* 52 Md. 376; *Cole* v. *Hynes,* 46 Md. 181; *Herzberg* v. *Adams,* 39 Md. 309. Indeed so many are the decisions of this Court, supporting the above principle, that it is impracticable to give them all.

If, then, we are to entertain this appeal, it can be only on the ground that the Mayor and Council and the Circuit Court acted without jurisdiction, or that they exceeded the jurisdiction conferred upon them. We have no power to inquire into the merits, and are not concerned as to whether or not the Circuit Court was right or wrong in its decision, other than the question as to whether it had jurisdiction to decide as it did. If the jurisdiction existed, we are not concerned over the many alleged errors and irregularities of the lower Court, for they are manifestly questions over which it had final jurisdiction. In other words, the objections urged by the appellants unquestionably affect only the regularity of the proceedings and do not involve the question of jurisdiction. As is said in *George's C. C. and I. Co.* v. *New Cent. Coal Co.*, 40 Md. 435 : "Our inquiry must be confined to the question whether the Circuit Court, by those proceedings, has in any respect exceeded the power and jurisdiction conferred upon it by the statute under which it acted."

JUDGE McSHERRY, in the case of *N. Y. Mining Co.* v. *Midland Co.*, 99 Md. 506, a condemnation case, spoke as follows: "It is the settled law of this State, therefore, that in proceedings of this character, this Court has no authority to review the judgment of the lower Court, whether that judgment be right or wrong, if it be pronounced upon a subject-matter within the limits of its jurisdiction."

The appellants contend, however, that because there was a motion in arrest of judgment interposed, that thereby this Court is empowered to review all of the rulings of the lower Court irrespective of whether or not they present jurisdictional questions. Most assuredly, a motion in arrest of judgment can not perform such a function, for that would be in effect giving a right of appeal where none otherwise existed The cases cited do not bear out their contention, but merely point out that in cases properly before this Court on appeal, a motion in arrest brings up the whole record, and do not

decide that the overruling of the motion permits a continuation of appeal beyond that expressly given by statute.

That the Mayor and Council had jurisdiction to widen its streets cannot be doubted, because the charter expressly gave them authority to do so. That the Circuit Court had final jurisdiction over the proceeding is equally not open to question. Having this authority, we are unable to discover anything in the record that shows that that jurisdiction was exceeded. If not, then we have no doubt that we have no jurisdiction to review any of the questions in the record, for the finding of the Circuit Court is final and conclusive thereon.

The appellants contend that the verdict of the jury, to which the questions of fact were submitted, was void because the amount assessed for benefits was greater than the amount allowed for damages. This contention is based upon the wording of the charter wherein it provides that the examiners "ascertain whether any and what amount in value of damages will be caused thereby, for which the owner * * * ought to be compensated, *over and above* the amount in value of benefit which will thereby accrue to such owner." We do not think the use of the words "over and above" are susceptible of the meaning ascribed by the appellants. This use merely means that the amounts for damages are to be found separately and distinct from those for benefits.

We are, therefore, of the opinion that this appeal must be dismissed.

*Appeal dismissed with costs to the appellee.*