JOHNSON ET AL. *v.* BOARD OF ZONING APPEALS OF BALTIMORE COUNTY ET AL.

[No. 58, October Term, 1950.]

402

*Decided November 16, 1950.*

404

The cause was argued, on motion to dismiss, before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, and HENDERSON.

*C. Arthur Eby,* with whom was *William P. Bolton* on the brief, for the appellants.

*Alfred P. Ramsey,* with whom were *Paul S. Clarkson, Cornelius V. Roe* and *John Grason Turnbull* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Baltimore County partly reversing an order of the Board of Zoning Appeals of Baltimore County. The case originated on an application of Consolidated Gas, Electric Light and Power Company of Baltimore for a special permit to construct an electric light and power transmission line on steel towers from its line on the Texas-Padonia Road to its electric substation at Mount Washington.

The transmission line extends more than seven miles through Green Spring Valley in the Metropolitan Zone of Baltimore County. Protesting property owners brought suits to enjoin construction of an overhead line, contending that it would impair the beauty of the countryside and decrease property values. In February, 1948, the Court dismissed the bills of complaint on the ground that the zoning regulations were inapplicable. In July, 1948, the Court of Appeals reversed the decrees and remanded the cases for the passage of a decree enjoining the company from proceeding with the construction of its line until it had obtained the necessary permit from the Zoning Commissioner. *Kahl v. Consolidated Gas, Electric Light & Power Co.,* 191 Md. 249, 60 A. 2d 754.

Upon the company's application for a permit for overhead construction on steel towers, the Zoning Commis-

sioner granted a permit for such construction through the northern and southern sections of the route, but denied a permit for overhead construction over the middle section, a distance of more than two miles and a half, across property suitable for development. The company appealed from that decision to the Board of Zoning Appeals; and in July, 1949, the Board affirmed that part of the order which granted a permit for an overhead line in the northern and southern sections, but reversed that part which denied a permit for an overhead line in the middle section, ordering however that this section of the line be constructed on wooden or steel poles, instead of on steel towers. In January, 1950, the Court on *certiorari* reversed that part of the order which required construction on poles, and permitted construction on towers in accordance with the company's application. From that order the protestants entered this appeal.

The question now presented is whether the protestants have a right of appeal from the order of the Circuit Court acting as an appellate court in reviewing an order of the Board of Zoning Appeals. It is, of course, an accepted principle that the Court of Appeals will not entertain an appeal except when prescribed by law, and before it undertakes to review the proceedings of a subordinate tribunal, the authority must be shown. The general statute authorizing appeals from courts of law provides: "From any judgment or determination of any court of law in any civil suit or action or in any prosecution for the recovery of any penalty or fine or damages, any party may appeal to the Court of Appeals * * *." Code 1939, art. 5, sec. 2. We construe this statute to mean that an appeal can be taken from any judgment or determination of a court of law entered in an action originating therein, but an appeal cannot be taken from a decision of the court when sitting as an appellate tribunal or when exercising a special statutory jurisdiction, unless an appeal is authorized by statute. *Crockett v. Parke,* 7 Gill 237, 240; *Baltimore & Havre de Grace Turn-*

*pike Co. v. Northern Central Ry. Co.,* 15 Md. 193; *Stephens v. City of Crisfield,* 122 Md. 190, 89 A. 429; *Board of County Com'rs of Harford County v. Jay,* 122 Md. 324, 327, 89 A. 715; *Montgomery Ward & Co. v. Herrmann,* 190 Md. 405, 58 A. 2d 677; *Berlinsky v. Eisenberg,* 190 Md. 636, 59 A. 2d 327; *Robb v. State,* 190 Md. 641, 60 A. 2d 211.

So, we specifically hold that no right of appeal exists to review a decision of the Circuit Court sitting as an appellate court in a zoning case, unless the Legislature has authorized an appeal. *Sugar v. North Baltimore Methodist Protestant Church,* 164 Md. 487, 499, 165 A. 703; *Board of Com'rs of Anne Arundel County v. Snyder,* 186 Md. 342, 46 A. 2d 689.

In 1927 the Maryland Legislature authorized zoning in the City of Baltimore and in cities and incorporated towns containing more than 10,000 inhabitants. Laws of 1927, ch. 705, Code, art. 66B, secs. 1-9. In 1933 the Legislature authorized zoning by any county, town, village or other incorporated political subdivision. Laws of 1933, ch. 599, Code 1939, art. 66B, secs. 10-37. Neither Act authorized appeals to the Court of Appeals. The 1927 Act was amended to authorize such appeals. Laws of 1935, ch. 448, Code 1939, art. 66B, sec. 7. But the 1933 Act has never been so amended.

The Baltimore County Zoning Act, which was enacted by the Legislature in 1941 and amended in 1945, directs the County Commissioners of Baltimore County to appoint a Zoning Commissioner and a Board of Zoning Appeals, and provides that any person aggrieved by any decision of the Board of Zoning Appeals may present to the Circuit Court a petition setting forth that the decision is illegal, in whole or in part, specifying the ground of the illegality. Upon such petition the Court may allow a writ of *certiorari* to review the decision of the Board. Laws of 1941, ch. 247, Laws of 1945, ch. 502, Baltimore County Code, 1948 Ed., sec. 366. This local law, however, does not contain any provision for appeals from decisions of the Circuit Court. Hence, it is clear

that the Legislature has not authorized any appeals from decisions of the Circuit Court for Baltimore County in zoning cases.

It is contended by appellants, however, that the Board of Zoning Appeals exceeded its power when it granted the permit for the construction of the overhead line across the middle section of the route. They assert that they are complaining, not merely that the Board failed to use good judgment in weighing the evidence, but that it ignored five of the factors which have been prescribed by the zoning regulations for the guidance of the Board in granting special permits. Hence, they contend, the order of the Board is void. The regulations, which have been confirmed and validated by the Legislature, Laws of 1947, ch. 915, provide that within the Metropolitan Zone, electric light and power transmission lines charged with electricity at 5,000 or more volts shall be located under ground in cables or conduits, except within areas which are designated as light or heavy industrial zones, and except on public highways. The regulations further provide, however, that the Zoning Commissioner, or the Board of Zoning Appeals on appeal, shall have the power to make special exceptions to these regulations when convinced by affirmative testimony that such lines or portions thereof may be carried overhead on towers or poles without impairing the public health, safety or general welfare.

The regulations further provide that in determining any such special exception, the Zoning Commissioner, or the Board of Zoning Appeals on appeal, shall consider and be guided by six factors, the first five of which are as follows: (a) the crossing of much traveled highways or streets; (b) the proximity of the line to any school, church, theatre, club, museum, fair ground, race track or other place where persons may congregate; (c) the probability of extensive flying over the area and its general nearness to any airport or airports; (d) any fire hazard or interference with firefighting equipment due to the location and construction of the proposed

line; and (e) the future conditions to be reasonably anticipated in each such area as a result of the normal course of development.

As to the first factor, appellants say that six roads, which are much traveled, are crossed by the transmission line. As to the second factor, they say that the line goes by a dog race track and an inn, and is not far from a museum and a theatre, and also an ice cream parlor and an inn near the intersection of Falls Road and Joppa Road. As to the third factor, they say that the flying zones of both the New York City and Harrisburg routes cover this area. As to the fourth factor, they say that the burning of anything coming in contact with a broken conductor, or the molten metal released by a short circuit or flashover, constitutes a fire hazard due to the close proximity of the line to certain structures and to its route through wooded areas now suitable for development. As to the fifth factor, they say that parts of this area are now being used for residential home sites, and the entire area is ready for immediate development in small acreage lots.

Appellants also contend that the Circuit Court, in reviewing the decision of the Board, likewise exceeded the limits of its power. Hence, they are challenging the jurisdiction of both the Board and the Court. They contend that, even though the statute does not give a right of appeal to the Court of Appeals, yet their appeal is maintainable for the purpose of setting aside an order of the Court which they claim is void, and compelling compliance with the zoning regulations.

It is true that the general rule that no appeal will lie from the judgment of a Court rendered in the exercise of a special statutory authority, unless expressly given by statute, is subject to the exception that an appeal will lie where the Court acted without any jurisdiction or exceeded the authority conferred by statute. *Cumberland Valley R. Co. v. Martin,* 100 Md. 165, 59 A. 714; *Stephens v. City of Crisfield,* 122 Md. 190, 89 A. 429; *Lambros v. Brown,* 184 Md. 350, 353, 41 A. 2d 78.

In the instant case, however, there is no question that the Board of Zoning Appeals and the Circuit Court had jurisdiction to decide whether a special permit should be granted to construct an overhead line and also whether the line should be erected on poles or on towers. The Board has the power to make special exceptions to the zoning regulations when convinced that the lines may be carried overhead without impairing the public health, safety or general welfare. The Board may affirm or reverse, in whole or in part, any decision of the Zoning Commissioner, or may modify the order and direct the issuance of a permit for such modified use as it may deem proper. Moreover, where a person aggrieved by a decision of the Board petitions for a writ of *certiorari,* the Circuit Court may allow the writ in order to review the Board's decision, and if it shall appear upon hearing that testimony is necessary for the proper disposition of the matter, the Court may take evidence or appoint a referee to take such evidence, and shall have power to affirm the decision of the Board, or reverse it in whole or in part, and may remand any case for the entering of a proper order or for future proceedings, as the Court shall determine. Laws of 1945, ch. 502, Baltimore County Code, 1948 Ed., sec. 366.

In *Rayner v. State,* 52 Md. 368, 376, a criminal prosecution instituted before a justice of the peace, Judge Alvey took occasion to say that if a judgment had been entered in the Circuit Court against the accused in his absence without giving him an opportunity to be heard, there would have been a lack of jurisdiction to enter the judgement, and the accused would have had the right of appeal. Such a case is entirely different from the case before us where jurisdiction existed.

There has been some conflict of opinion in this country as to whether a trial Court can review the discretion of a Zoning Board on a writ of *certiorari.* The object of the common-law writ of *certiorari* is not to authorize the court issuing it to decide the case on its merits. At

common law *certiorari* is a writ issued by a superior court directed to a subordinate court, commanding it to return the record of its proceedings in a case to the superior court in order that inquiry can be made into its jurisdiction or authority. It is generally issued only where the subordinate court has proceeded in a summary manner and in a course different from the common law, or in excess of its jurisdiction, and the legality of its action cannot be inquired into on appeal or writ of error to a superior court. *Riggs v. Green,* 118 Md. 218, 226, 84 A. 343; 2 *Poe,* Pleading and Practice, 5th Ed., secs. 722, 723.

The *certiorari* authorized by the Baltimore County Zoning Act, like the appeal authorized by the Baltimore City Zoning Act, is a separate and distinct procedure. When the Court issues a writ of *certiorari* in its original common-law capacity to determine the jurisdiction of a subordinate tribunal, an appeal lies to the Court of Appeals. On the other hand, no appeal ordinarily lies where the Court issues the writ in its appellate capacity under statutory authority, unless an appeal is given by the statute.

The contention of appellants is that the Board and the Court below acted arbitrarily and their orders are *ultra vires* and void. One of the textwriters on zoning law has commented as follows on the subject of abuse of discretion in zoning cases: "In a sense arbitrariness or abuse of discretion is a matter of law, but there is a plain difference between rectifying a mistake in interpretation of the law, and rectifying an abuse of discretion. Such abuse by a board of appeals does not always mean a deliberate act of wrongdoing. Indeed the fair line in the exercise of discretion is difficult, and in most cases what the courts call an abuse of discretion implies no wrongdoing whatever. A board of appeals in Boston might honestly say that a twenty-story building in a ten-story district was a fair variance and the court would uphold it in reviewing a matter of law.

In New York the court might call such a variance an abuse of discretion." Bassett on Zoning, 155.

In this case there is no question of due process. Both sides were given ample opportunity to be heard. In fact, the evidence is voluminous. We find it unnecessary to consider the evidence on this appeal. We merely take occasion to say that the Board was impressed by the testimony that the erection of overhead lines in such places as Westchester Valley in New York and Chester Valley in Pennsylvania did not decrease the values of real estate or unduly interfere with subsequent development; and the Court, after considering the evidence, reached the conclusion that the transmission line can be carried overhead without impairing the public health, safety or general welfare. We conclude that it is not our province to consider the evidence and decide whether or not the Court made a proper decision in the light of the factors prescribed by the zoning regulations for the guidance of the Board of Zoning Appeals in granting a special permit. The question here is: Were the things complained of and decided by the Court below things which the Court had jurisdiction to decide? If the Court had the power to decide what it did decide, then its decision, whether right or wrong in point of law or fact, cannot be reviewed, because the power to review such a judgment has not been conferred by the Legislature upon the Court of Appeals. *New York Mining Co. v. Midland Mining Co.,* 99 Md. 506, 512, 58 A. 217; *Hendrick v. State,* 115 Md. 552, 560, 81 A. 18.

*Appeal dismissed, with costs.*