## KALIS ET AL. *v.* BROWN

[No. 116, October Term, 1951.]

*Decided March 7, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Herbert H. Rosenbaum* for the appellants.

*Kenneth C. Proctor,* Assistant Attorney General, with whom was *Hall Hammond,* Attorney General, on the brief, for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Samuel D. Kalis, vice president of American Realty Company, Inc., a Maryland corporation, and Benjamin Kalis, president of the corporation, applied to the Baltimore City Court for a writ of *certiorari* to review a judgment of conviction rendered by Helen Elizabeth Brown, a Justice of the Peace sitting in the Housing Court of Baltimore City. The Court denied their petition, and they have appealed here from the judgment entered in favor of defendant for costs.

It was upon complaint of the Sanitarian of the Baltimore City Health Department that Magistrate Brown issued a summons on August 2, 1951, to "American Realty Company, Samuel Kalis, Vice President, 515 Cathedral Street," to appear in the Housing Court on August 7, 1951, at 3:30 p.m., to answer the charge of violation of Ordinance 384, approved March 6, 1941, as amended by Ordinance 902, approved March 29, 1943, in that Samuel Kalis failed to remove the lead paint from window sills on the premises at 1808 West Fayette Street, that condition having been found by the Commissioner of Health to be detrimental to life and health. The summons was not served on Kalis, but was left in the office of the corporation with an employee.

At the time set for the trial the clerk of the Housing Court called Samuel Kalis. Kalis did not appear, but Leon Amernick, an employee of the corporation, appeared with Viola Cuba, the owner of the property. The magistrate asked, "Where is Mr. Kalis? If he is not here, I am going to issue a warrant for him." Amernick replied, "I will take the responsibility." Thereupon the magistrate read the charge, and asked Amernick whether he wanted to ask for trial by jury. Amernick waived a

jury trial and entered a plea of not guilty. At the close of the trial the magistrate found the defendant guilty and imposed a fine of $50. The fine and costs were paid.

On August 14, 1951, Samuel D. Kalis and Benjamin Kalis filed the petition for *certiorari* to command magistrate Brown to send the record in the case to the Baltimore City Court so that the trial and judgment might be declared void. The magistrate filed a motion to quash the petition alleging: (1) that the summons issued in the case was directed to the corporation; (2) that the summons was served upon the corporation; (3) that in response to the summons the corporation appeared in the Housing Court by Leon Amernick, an employee of the corporation; (4) that the charge set forth in the summons was read to Amernick as agent of the corporation; (5) that the corporation by its agent waived a jury trial, elected to be tried by the magistrate, and pleaded not guilty; and (6) that the corporation was found guilty and fined $50.

Following a hearing on the motion to quash, the Court held that the evidence supported the conclusion that the charge was against the corporation, and consequently the magistrate had jurisdiction to hear and decide the case. The Court therefore denied the petition.

The object of the common-law writ of *certiorari* is not to authorize the court issuing it to decide the case on its merits. *Certiorari* at common law is a writ issued by a superior court directed to a subordinate court, commanding it to return the record of its proceedings in a case to the superior court in order that inquiry can be made into the jurisdiction or authority of the subordinate court. Generally, *certiorari* is issued only where the subordinate court has proceeded in a summary manner and in a course different from the common law, or in excess of its jurisdiction, and the legality of its action cannot be inquired into on appeal or writ of error to a superior court. *Riggs v. Green,* 118 Md. 218, 226, 84

A. 343; *Johnson v. Board of Zoning Appeals of Baltimore County*, 196 Md. 400, 76 A. 2d 736.

First, while it is true that the summons included the name of Samuel Kalis as vice president of the corporation, it was not directed to him individually and was never served on him, but it was directed to the corporation and was left in the office of the corporation.

Secondly, Amernick admitted that he had no discussion whatever with Samuel Kalis regarding his appearance in the Housing Court, but went there by request of Samuel's father, Benjamin, president of the corporation. Amernick said that the father instructed him to take the owner of the Fayette Street property, Viola Cuba, to the Housing Court, as his son was not in the city.

Thirdly, the magistrate made affidavit that she read the charge to Amernick as agent of the corporation, that she found the corporation guilty of the charge, and that she imposed the fine upon the corporation.

Appellants relied on the fact that neither the station house docket nor the magistrate's docket indicated that the charge was against the corporation. The station house docket, which is kept by the police of the Central District Station and is commonly known as the blotter, briefly mentioned the defendant as "Samuel Kalis, 515 Cathedral Street." The magistrate's docket, instead of saying "American Realty Company, Samuel Kalis, Vice President, 515 Cathedral Street," said, "Samuel Kalis, Vice President, 515 Cathedral Street, American Realty Company, Agent for property."

However, Magistrate Brown was positive in her affidavit that the charge was against the corporation, and that it was the corporation that she tried and convicted. Moreover, as she is a member of the bar, she knew that Kalis could not be tried on a criminal charge in his absence.

The petition for the writ of *certiorari* was not filed by American Realty Company, Inc., but by Samuel Kalis and Benjamin Kalis. The appeal to this Court was also

taken by them. The judgment of the Court below must therefore be affirmed.

*Judgment affirmed, with costs.*