## NICHOLAS B. GREENLAND vs. THE COUNTY COMMISSIONERS OF HARFORD COUNTY.

*County Commissioners—Jurisdiction—Opening roads—Act of 1878, ch. 356—Writ of Error.*

The exclusive jurisdiction in regard to the opening of public roads, possessed by the County Commissioners is given by the general law applicable to all the Counties in the State.

The local law of 1878, ch. 356, relating to Harford County, does not confer jurisdiction, but merely designates the mode and manner in which the jurisdiction given by the general law shall be exercised in respect to the publication of notices and other papers. It does not apply to the petition and notice coming from persons applying for the opening, altering, locating or widening of any road ; and a non-compliance with its provisions will not affect the question of jurisdiction.

The Act of 1878, ch. 356, is intended to apply to the publication of notices and other papers by the Commissioners of Harford County, after they have proceeded to exercise the jurisdiction conferred by the general law. And if in the exercise of such jurisdiction they deviate from the provisions of the local law with respect to the publication of any notice or other paper, they commit an error, that can be corrected on an appeal to the Circuit Court; but if the Circuit Court commit errors they cannot be examined and corrected in the Court of Appeals, as the statute which gives appellate jurisdiction to the Circuit Court, declares that its judgment shall be final and conclusive. And the same principle applies when the case is brought to the Court of Appeals by writ of error.

WRIT OF ERROR to the Circuit Court for Harford County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*William H. Harlan*, and *Herman Stump*, for the appellant.

This being a proceeding to take private property for public use, it is an exercise of the right of eminent domain, one of the highest powers of sovereignty pertaining to the State, and the powers delegated by the Legislature of Maryland, to the County Commissioners, are to be strictly construed, and a strict compliance must be had with all the provisions of law made for the protection and benefit of the party whose lands are to be taken, or the proceedings will be ineffectual. *Cooley's Const. Lim.*, (5th Ed.;) side pages 328, 329, 330; *Williamson vs. Carnan,* 1 *Gill & J.*, 197.

The Board of County Commissioners has only a special limited jurisdiction without any constructive or incidental power, and can exercise no power whatever not expressly given by law. *Cooley's Const. Lim.*, (5th Ed.,) side pages, 406 and 407; *Boarman vs. Patterson,* 1 *Gill*, 381 and 382; *Williamson vs. Carnan,* 1 *G. & J.*, 197; *Barrackman vs. Comms. of Harford County,* 11 *G. & J.*, 56; *Polk vs. Rose, et al.*, 25 *Md.*, 159; *O'Brien vs. Comms. of Baltimore County,* 55 *Md.*, 22; *Wickes vs. Caulk,* 5 *H. & J.*, 42 and 43; *Shivers vs. Wilson,* 5 *H. & J.*, 132; *Owings, et al., vs. Worthington,* 10 *G. & J.*, 283; *Cushwa vs. State,* 20 *Md.*, 277.

The petitioners for said road should have published their "road notice," giving notice of their intention to apply to the Commissioners for said road, in two newspapers published in Harford County. And the record should show on its face that such publication was made, in order to give jurisdiction to the County Commissioners to act in the premises. Act of 1878, ch. 356.

*S. A. Williams*, and *William Young*, for the appellee.

The judgment in this case was rendered by the Court below in the exercise of a special jurisdiction, and in the absence of an express right given by statute, cannot be re-

viewed by this Court, either upon appeal or writ of error, for any of the causes assigned in appellant's petition. *Rundle vs. Mayor, &c., of Baltimore,* 28 *Md.,* 357; *Coston vs. Coston,* 25 *Md.,* 504; *Balto. and Havre de Grace Turnpike Co. vs. North Cent. R. R.,* 15 *Md.,* 193; *Webster vs. Cockey,* 9 *Gill,* 93; *Carter and Wife vs. Dennison,* 7 *Gill,* 157; *Swan vs. Mayor, &c., of Cumberland,* 8 *Gill,* 154; *Savage Manfg. Co. vs. Owings,* 3 *Gill,* 499; *State vs. Mace,* 5 *Md.,* 337; *Mears vs. Remare,* 33 *Md.,* 25: *Shueey vs. Stoner,* 47 *Md.,* 169; *Revised Code, Art.* 71, secs. 89 *and* 90.

The Code, Art. 28, sec. 13, is the only Act now in force· professing to regulate the proceedings in the matter of opening public roads. The Act of 1878, ch. 356, makes no such profession, and when considered in connection with the section of the Code which it repealed, was plainly intended merely as a direction and regulation for the publication of the various papers issuing from the County Commissioners' office, and required by law to be published. At the date the Code was adopted, the report of the School Commissioners was made to the County Commissioners, and these latter were required to have the same published. Art. 12, sec. 114, of the Code of Public Local Laws.

A motion to quash, performs the office of a motion in arrest of judgment; and considered as either motion it cannot be entertained at a stage of the proceedings later than a motion in arrest would be entertained. *Stone vs. Magruder,* 10 *G. & J.,* 386-7; *Cromwell vs. Royal Canadian Ins. Co.,* 49 *Md.,* 366; *Bruce vs. Cook,* 6 *G. & J.,* 348; *Boarman vs. Israel,* 1 *Gill,* 382; *Mears vs. Adreon,* 31 *Md.,* 234-5; *see Poe's Plead.,* (*1st Ed.,*) 602.

YELLOTT, J., delivered the opinion of the Court.

Proceedings were commenced in this case by a petition invoking the official action of the Commissioners of Harford

County, and asking for the opening of a public road over the lands of the plaintiff in error and of other citizens of said county. Upon this petition a commission was issued to examiners, and from the order confirming the report of said examiners, an appeal was taken to the Circuit Court for Harford County. In that Court issues were framed, and a trial by jury resulted in a verdict and judgment. The cause has been brought into this Court on writ of error founded on alleged irregularities in the proceedings.

It is clear that the only question which can be considered and determined in this Court, is that which relates to the jurisdiction of the Court below. If that Court assumed a jurisdiction which did not belong to it, and the proceedings were *coram non judice*, the interposition of this Court has been properly invoked. But if the Circuit Court had jurisdiction then its alleged errors and irregularities cannot be reviewed and corrected in the Court of Appeals of this State, because the statute giving an appeal from any decision or order of the County Commissioners to the Circuit Court, says that the judgment of said Court on such appeal "shall be final and may be enforced by due process of law." Rev. Code, Art. 71, sec. 9.

If the Court below acted in the exercise of a special jurisdiction given by a statute which does not provide for the further prosecution of the cause, but in express terms, renders its judgment a finality, then no supposed error committed by it can be brought here for revision and correction. As was decided by this Court in the very recent case of *Gaither vs. Watkins*, 66 *Md.*, 582: If the County Commissioners had jurisdiction over the subject-matter, subsequent irregularities in their proceedings or in those of the examiners, were matters to be taken advantage of by way of appeal to the Circuit Court. "Such irregularities in no manner affected their jurisdiction over the subject-matter."

In the case just cited this Court has decided that "the County Commissioners have exclusive jurisdiction in regard

to the opening of public roads." This jurisdiction is given
by the general law applicable to all the counties in the
State.  The Md. Code of General Laws, Art. 28, sec. 12,
provides that "all applications for opening, altering or
closing roads shall be by petition to the County Commis-
sioners." The local law of 1878, ch. 356, does not confer
the jurisdiction. It simply designates the mode and man-
ner in which the jurisdiction given by the general law
shall be exercised with respect to the publication of notices
and other papers issuing from the office of the County
Commissioners. It has no application, as has been con-
tended, to the petition and notice coming from persons ap-
plying for the opening, altering, locating or widening of
any road. If it did, then a non-compliance with its pro-
visions would affect the question of jurisdiction. If the
Commissioners had no jurisdiction the Circuit Court would
have none. The Act is intended to apply to the publica-
tion of notices and other papers by the Commissioners after
they have proceeded to exercise the jurisdiction conferred
by the general law.

It is manifest that, if the Commissioners of Harford
County, in the exercise of the jurisdiction conferred by the
general law, deviated from the provisions of the local law
with respect to the publication of any notice or other paper,
they committed an error which, as this Court has said in
66 *Md.*, could have been corrected on an appeal to the
Circuit Court. The Circuit Court had jurisdiction, and
even if it committed errors, as has been alleged by the
plaintiff in error, such errors cannot be examined and cor-
rected in this Court, because the statute giving appellate
jurisdiction to the Circuit Court, declares that its judgment
shall be final and conclusive. As was said in *Rundle vs.
Mayor, &c., of Baltimore*, 28 *Md.*, 361, which was an ap-
peal from the judgment of the Criminal Court dismissing
an appeal from the Commissioners for opening streets, "if
no appellate power whatever had been conferred on the

Criminal Court of Baltimore in such cases, its judgment, unwarrantably pronounced in assertion of jurisdiction over the subject, might by appeal be reviewed and reversed in this Court." But the Court proceeds to say that the right of appeal to the Criminal Court being given, "its judgment is final and conclusive, there being no right of appeal given by statute from such judgment."

This case, it is true, is brought here, not on appeal but by writ of error, but the same principle is applicable. In *Coston vs. Coston*, 25 *Md.*, 504, it was decided that a writ of error has no more extensive range or greater effect than an appeal; they being but different modes of obtaining a review of judgments of Courts of inferior jurisdiction in an appellate tribunal. From what has been said it is apparent that this writ of error should be dismissed.

*Writ of error dismissed.*