STEPHEN S. WINCHESTER *vs.* THE COUNTY COMMIS-
SIONERS OF CECIL COUNTY.

*Alteration of Public road—Judgment of County Commis-
sioners—Conclusiveness of Judgment.*

The Code confers upon the County Commissioners of the several
counties the power to open and to change public roads, and to
appoint examiners who shall report the result of their examina-
tion, together with the reasons on which their judgment is based,
and the damages awarded to the owner through whose land the
road may be located, to the Commissioners, subject to their ratifi-
cation, rejection or alteration.   From the judgment of the Com-
missioners an appeal lies to the Circuit Court.   Section 91 of
Article 25 of the Code, provides that "no public road shall be
opened or altered so as to pass through the buildings, gardens,
yards or burial grounds of any person, without the consent of
the owner thereof in writing."   HELD:

That a judgment of the Commissioners ratifying the report of the
examiners altering a road so as to make it pass across the front
yard of the owner, and within a few feet of his dwelling-house,
and from which judgment no appeal was taken, was no bar to
the owner's right to recover in an action of trespass against the
Commissioners, it not appearing upon the face of the proceed-
ings that the plaintiff had ever given his consent in writing to
the change.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., FOW-
LER, MCSHERRY, and BRISCOE, J.   ROBERTS, J., concurred
in the decision.

*Albert Constable,* for the appellant.

*Williams S. Evans,* (with whom was *Charles C. Cro-
thers,* on the brief,) for the appellee.

Winchester *vs.* County Comm'rs of Cecil County.

ROBINSON, C. J., delivered the opinion of the Court.

This case was fully argued, but the question is one, it seems, in regard to which there cannot be any difficulty. The Code confers upon the County Commissioners of the several counties the power to open, to change, and to close the public roads, and prescribes the mode and manner in which this power is to be exercised. In the first place, it provides that persons intending to make application to open, change, or close a public road, shall give thirty days' notice of such intention in one of the newspapers published in the county; and upon giving such notice the County Commissioners may, if they deem it expedient, appoint three examiners to meet upon the premises, and to examine and determine whether the public convenience requires the road to be opened, changed, or closed, as the case may be. And they are to report the result of their examination, together with the reasons on which their judgment is based, and the damages awarded to each owner through whose land the road may be located, to the Commissioners, subject to their ratification, rejection, or alteration, as they may deem just and proper. And any one aggrieved by the judgment of the Commissioners in the premises may appeal, within the time prescribed by the Code, to the Circuit Court. The power thus conferred on the Commissioners is subject, however, to this limitation : "*No public road,*" says Article 25, section 91, "*shall be opened or altered so as to pass through the buildings, gardens, yards, or burial grounds of any person, without the consent of the owner thereof in writing.*"

Now, in this case, upon the application of sundry persons, examiners were appointed to meet on the premises, and determine whether the public convenience required the public road at or about Frenchtown to be changed from the west to the east side of the Columbia and Port Deposit Railroad, in order to avoid crossing the rail-

road. And, being of opinion that the public convenience required the proposed change to be made, the examiners so reported to the Commissioners, together with the plat of the road as located by them, and the damages awarded to the owners of land affected by this change. Their report was ratified by the Commissioners, and from the judgment of the Commissioners no appeal was taken.

The road, as located by the examiners, runs across *the front yard* of the plaintiff, and within a few feet of his dwelling-house; and this is an action of trespass against the County Commissioners for entering upon the plaintiff's premises for the purpose of constructing the road as thus located. As a defence to the action, the defendants offered in evidence the proceedings under which the road was altered or opened, including the application for the opening or change of the road, the appointment of the examiners, their report to the Commissioners, and its ratification by them, and proved that no appeal had been taken from their judgment in the premises. And the question is, whether the judgment of the Commissioners is a bar to the plaintiff's right to recover? And in determining this question, it must be borne in mind, that we are not dealing with a judgment of a Court of record, exercising a general jurisdiction according to the common law, but with a judgment rendered by a Board of County Commissioners, exercising a *special and limited jurisdiction conferred by statute.* And, this being so, it is well settled, when such a judgment is offered in evidence, every essential fact necessary to the exercise of the jurisdiction must appear upon the face of the judgment itself, or upon the face of the proceedings, which, under the statute may be considered as part of such judgment.

Now, the Code, as we have seen, provides "that no public road shall be opened or altered so as to pass

Winchester *vs.* County Comm'rs of Cecil County.

through the buildings, yards," &c., "of any person, without his consent in writing." Without such consent of the owner, the Commissioners have no power so to locate the road. This is a limitation imposed upon the exercise of the special jurisdiction conferred by the Code. And it nowhere appears upon the face of the proceedings or judgment of the Commissioners ratifying the report of the examiners, that the plaintiff ever consented that the road should be located across his yard. On the contrary, it is conceded that no such consent was given, and without his consent the defendants had no power to construct the road as thus located by the examiners. The judgment of the Commissioners offered in evidence was, therefore, a judgment rendered without jurisdiction in the premises, and constituted no bar to the plaintiff's right to recover. Their judgment, acting within the jurisdiction conferred by the Code, is, we agree, conclusive and binding upon all persons, until it is reversed on appeal; but if rendered without jurisdiction, it is a mere nullity and binds no one.

For these reasons the judgment will be reversed, and new trial awarded.

*Judgment reversed, and*
*new trial awarded.*