## NANNIE D. JAY vs. COUNTY COMMISSIONERS OF HARFORD COUNTY AND PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, A CORPORATION.

*County Commissioners : quasi corporations; acts of individual members; right to open and close roads. Appeals : to Circuit Court; exclusive jurisdiction.*

The power of County Commissioners to open and close roads is expressly given by statute (Code 1912, Article 25, section 12); and from their action in such a case an appeal to the Circuit Court of the county is provided for, and once the jurisdiction of the Circuit Court has attached, it is exclusive.

p. 51

The County Commissioners are a corporation; they act, not as individuals, but in their corporate entity.          p. 52

The fact that an individual member of a Board of County Commissioners may have been indiscreet, or even perniciously active, in relation to a matter to be acted on by the Board, should not be imputed to the Board in its corporate capacity.

p. 52

The fact that certain individuals have given notice to a Board of County Commissioners of an intention to apply to it to do an act which the General Assembly has expressly clothed the County Commissioners with the power of doing, can not be assumed to constitute a fraudulent act on their part in furtherance of an illegal conspiracy.          p. 52

*Decided February 15th, 1913.*

Appeal from the Circuit Court for Harford County (HAR-LAN, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John L. G. Lee* (with whom was *Septimus L. Davis* on the brief), for the appellant.

*Thomas H. Robinson,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

Nannie D. Jay filed a bill in the Circuit Court for Harford County against the County Commissioners of that county and the Philadelphia, Baltimore and Washington Railroad Company in which she asked the issuance of an injunction against the defendants to prevent the closing of a portion of a public road in that county, known as the Mill road. A demurrer was filed by both of the defendants named in the bill, and upon hearing the demurrer was sustained and the bill dismissed. It is from that action of the Court that the present appeal is taken.

The allegations of the bill are in substance, that the plaintiff has been residing upon a certain tract of land in Harford county for many years, and that the title to it was conveyed to her in November, 1896; that she has been accustomed to use the Mill road, upon which her tract of land bounds, as her means of ingress and egress in going from her home to and from Aberdeen and that "she has no other route upon which she can travel to and from said points." That the portion of the road which she apprehends is about to be closed is that portion extending from the northernmost side

of the right of way of the Baltimore and Ohio Railroad to the southernmost side of the right of way of the Philadelphia, Baltimore and Washington Railroad a distance of 618.8 feet, and that the plaintiff is the owner of the strip of land lying between the two rights of way, and that the Mill road is the only *public road* upon which this strip abuts. The bill further alleges a conspiracy between the two defendants, having for its object the closing of the said road, but apart from the mere allegation of conspiracy nothing is set out in the bill tending to support the charge. She does allege that Alfred H. Wilson, one of the County Commissioners has been zealously active in seeking to bring about the closing of the road, but there is no allegation that he is the representative or acting on behalf of the railroad company, defendant, or that his activity is by direction or at the request or even with the knowledge of the other members of the Board of County Commissioners. The bill further sets out that proceedings have been begun looking to the closing of the road in question, and there is filed as Exhibit No. 3, a notice bearing the names of fifteen persons, in the form prescribed by law, that an application will be made to the County Commissioners for the closing of said road. The bill further charges that the plaintiff will suffer great and irreparable loss and damage by the closing of the road, and that in order to visit her sister in Havre de Grace she will have to travel by way of Aberdeen, some three miles further than she does when using the Mill road.

Such are the material allegations of the bill. It will be observed that there is presented in this case no question of a way of necessity, only the power or good faith of the County Commissioners of Harford County in closing the road. The power of the County Commissioners to open and close roads is one expressly given by statute, Code (1912), Art. 25, sec. 12, and from the action of County Commissioners in the exercise of this power, a right of appeal is given to the Circuit Court for the county, Code (1912), Art. 5, sec. 84, and this jurisdiction when it has once properly attached is

exclusive; *Greenland* v. *County Commissioners,* 68 Md. 62; *Gaither* v. *Watkins,* 66 Md. 581-2; *Jenkins* v. *Riggs,* 100 Md. 436.

Can then the bill be sustained upon the question of the good faith, fraud or conspiracy upon the part of the County Commissioners? As already noted there is, so far as the railroad company is concerned, only the general charge of conspiracy, unaccompanied by the allegation of any act or attempted act in furtherance or encouragement of any such contemplated action. In the case of the County Commissioners the only allegations which can be taken as forming any basis for the charge, are those which have to do with the alleged pernicious activity of Mr. Alfred H. Wilson, a member of the board. Under our law County Commissioners are corporations, they act not as individuals but in their corporate entity. *Clark* v. *Harford Agricultural & Breeders Asso.,* 118 Md. 608. The fact that an individual member of the board may have been indiscreet, or even perniciously active in relation to a matter to be acted upon by the Board of County Commissioners, can not be imputed to the board in its corporate capacity, nor can the fact that certain individuals have given notice of an intention to apply to the board to do an act, which the General Assembly has expressly clothed them with the power to do, be assumed to constitute a fraudulent act on their part in furtherance of an illegal conspiracy to injure an individual.

Finding no error in the action of the lower Court the decree appealed from will be affirmed.

*Decree affirmed, with costs.*