# THE BOARD OF COUNTY COMMISSIONERS OF HARFORD COUNTY

*vs.*

## NANNIE D. JAY.

*Appeal and writs of error. Circuit Courts: special jurisdiction; appeals. Roads: closing of—; jurisdiction of County Commissioners; appeals.*

The Court of Appeals can not review the judgments of the Circuit Courts sitting as appellate tribunals, under statutory authority, when no express right of appeal is given, except in cases where such courts have exceeded their jurisdiction.

p. 327

In docketing an appeal to the Circuit Court of Harford County, from the decision of a Board of County Commissioners as to the closing of a road, the suit was docketed against the County. Commissioners, instead of against the "party or petitioners" who were successful, etc., as provided by statute (Code of 1912, Article 5, section 84); the Board of County Commissioners, when summoned, appeared by counsel and submitted to the jurisdiction; the Circuit Court, in such a case, having jurisdiction over the parties, and special statutory jurisdiction over the question, with the right to decide and render judgment without any review, the judgment was final.    p. 329

The fact that the cost of closing a road is to be paid by some parties other than the County Commissioners does not affect the right of appeal, given by the statute, to any "party to the proceedings or any taxpayer not a party."    p. 328

A writ of error has no more extensive range, or greater effect, than an appeal; they being but different modes of obtaining a review of a judgment of a court of inferior jurisdiction by an appellate court.                                    p. 327

*Decided January 14th, 1914.*

Appeal from the Circuit Court for Harford County (HAR-LAN, J.). .

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Thomas H. Robinson* and *S. A. Williams,* for the appellant.

*John L. G. Lee* and *J. J. Archer* (with whom were *Septimus Davis* and *Bonsal & Lee* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This case was, in part, before this Court once before, in the case of *Jay* v. *County Commissioners of Harford County and P., B. & W. R. R. Co.,* 120 Md. 49, in which the appellee in the present case was the appellant in that case, endeavoring to have the appellees restrained from closing a public road. The remedy was denied because by Article 25, section 12, of the Code (1912) the power is expressly given to the County Commissioners to open and close public roads, with the right to appeal from their action to the Circuit Court, conferred by Article 5, section 84, Code (1912), and because the bill of complaint could not be sustained upon the ground

of the lack of good faith, or fraud or conspiracy upon the part of the County Commissioners, there being presented no question of a way of necessity.

The facts upon which the present appeal and writ of error are based arose in the following manner: The Board of County Commissioners of Harford County, acting under the authority conferred upon them by Article 25, section 12 of the Code (1912), passed an order closing a portion of a public road in Harford County, known as the "Old Mill Road". Before the passage of the order, the course of procedure as prescribed by the Code (1912), Article 25, sections 88 to 104, inclusive, was followed. That is, a petition of fifteen taxpayers of the county was filed with the commissioners, asking to have the road closed. Newspaper notice was given of such intention to petition for the closing of the road. Later, thirteen of the original signers of the petition filed another petition, withdrawing their request, thus leaving two signers on the original petition. There was a counter petition filed, among the signers of which, however, the appellee was not one. From the order passed, the appellee, a taxpayer of the county and the owner of property abutting upon the road ordered closed, entered an appeal from the order to the Circuit Court for Harford County. A copy of the proceedings before the commissioners was filed with the clerk of the Circuit Court, who thereupon docketed the proceeding upon the Appeal Docket in the name of the appellee, Nannie D. Jay, as appellant, against the Board of County Commissioners of Harford County, as appellee. Summons was issued and served upon the appellee for its appearance at the then next term of the Circuit Court. Thomas H. Robinson and Stevenson A. Williams, Esqs., entered their appearance for the defendant or appellee. Trial was had before a jury. At the close of the testimony offered by the Mrs. Jay, the defendant offered three prayers, to withdraw the case from the jury for want of sufficient testimony. They were

refused by the Court. At the close of all the testimony, the plaintiff and defendant offered prayers.

Following this, the defendant filed a motion to dismiss the appeal on the ground that it was not docketed against the party or petitioner in whose favor the decision below was made, but against the Board of County Commissioners, and that, therefore, the Court had no jurisdiction. The Court refused this motion, whereupon the verdict was in favor of the plaintiff. The defendant then filed motions for a new trial and in arrest of judgment. These were overruled, and judgment accordingly entered. Whereupon, the case was brought here on appeal and upon petition for writ of error, allowed by the Court below.

It may be well to note that the writ of error has no more extensive range, or greater effect, than the appeal, both being different modes of obtaining review of judgments of courts of inferior jurisdiction in an appellate tribunal. *Coston* v. *Coston,* 25 Md. 500; *Greenland* v. *County Commissioners,* 68 Md. 59.

Since section 85 of said Article 5 provides that the judgment of the Circuit Court shall be final on all such appeals, it is conceded by the appellant that this Court has no jurisdiction to review the action of the lower Court, except as to jurisdictional questions. That this Court cannot review the judgments of the Circuit Court rendered by it sitting as an appellate tribunal, under statutory authority, with no express right of appeal therefrom, provided that Court has jurisdiction over the subject-matter, is the settled law of this State in a long line of cases extending from *W. & S. R. R.* v. *Condon,* 8 G. & J. 443, to *Stephens et al.* v. *Mayor, &c., of Crisfield, ante,* page 190.

If, then, we are to review the judgment in this case, it depends upon whether the Circuit Court of Harford County had such jurisdiction to decide as it did.

It is urged by the appellant, in support of its contention, that the lower Court was without jurisdiction, that both the

plaintiff and the defendant below were improper parties. Section 84 of Article 5 of the Code (1912) provides as follows: "Any person a party to the proceedings, feeling himself aggrieved by any decision or order of the County Commissioners, or any taxpayer not a party to the proceedings, may appeal to the Circuit Court for the county at any time within sixty days after the time of making of such decision or order, and upon such appeal being taken in writing, the clerk of the County Commissioners shall immediately transmit a copy of the proceedings to said Circuit Court; and if upon an appeal taken by a taxpayer not a party to the proceedings is not sustained, the appealing taxpayer shall pay the costs of such appeal, unless the Court shall otherwise direct, and all appeals from decisions of the County Commissioners shall be docketed against the party or petitioner in whose favor the decision below was made."

The first contention is as to the right of Mrs. Jay to take the appeal. It is claimed, because there was some evidence that the cost, incident to the closing of this road, was to be paid by parties other than the commissioners, that Mrs. Jay had no standing to take the appeal, since her rights as a taxpayer could not be affected. We think this would be too narrow a meaning, in a case of this character, to give to the plain and express language of the statute. It says that the appeal can be taken by any person a party to the proceedings or a taxpayer not a party. That Mrs. Jay was a proper person to take the appeal, we think is not open to question.

The other point claimed to have deprived the Court of jurisdiction is, that the clerk of the Court, in docketing the appeal, made the Board of Commissioners defendant or appellee, instead of the two signers of the petition in whose favor the decision of the commissioners had been. This was no doubt done by reason of the clerk not knowing that the practice, previously prevailing, had been changed by Chapter 494 of the Acts of 1900, now section 84 of the Code, above quoted. That the appeal should have been docketed as the appellant

.claims, can scarcely be disputed, but that the Circuit Court was, necessarily, thereby deprived of jurisdiction we think depends upon the procedure followed at the trial. The Court had jurisdiction over the subject matter, for the statute expressly gave it. When the board was summoned, it appeared through its attorneys, whose appearance was not entered specially, but generally; when the case was called, there were no pleas to the jurisdiction filed, but a jury was sworn and the case went to trial on the merits. The defendant had thus submitted itself to the jurisdiction of the Court. The Court then had jurisdiction over both the subject-matter and the parties, with the right to decide and render judgment, without its being subject to review. The defendant submitted to the jurisdiction and chose to defend the suit, and never attempted to raise the question of parties until just before the end of a trial lasting ten days. If the Court had jurisdiction at the beginning of the trial, as we have said it had, it still retained that jurisdiction and had the power to enter the judgment it did.

The case of *Winchester* v. *Cecil County*, 78 Md. 266, relied upon by the appellant, is easily distinguished from the present case, since the Court that rendered the judgment in that case, never acquired jurisdiction.

Since this Court has no jurisdiction to review the judgment the appeal and writ of error must be dismissed.

*Appeal dismissed and writ of error quashed,
with costs to the appellee.*