## LIBERTY SERVICE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5587.

Circuit Court of Appeals, Third Circuit.

March 28, 1935.

Arthur H. Deibert and Robert P. Smith, both of Washington, D. C. (Harold J. Boulton, of Clearfield, Pa., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Thomas A. Carpenter, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this income tax case the appellant, Liberty Service Corporation, hereinafter called Liberty, appeals from an order of the Tax Board assessing taxes against it for certain alleged gains and profits for the years 1927 and 1928. That company, a Delaware corporation, was organized in 1922 by persons who were shareholders of the American Re-Insurance Company, hereinafter called American. As found by the Tax Board, its "primary purpose was to acquire and hold American Re-Insurance Company stock." In pursuance of such power, Liberty acquired some 75,000 shares of stock of American and contracted to sell it to a syndicate. At the time this syndicate was formed, it was told that 11,000 shares of American would have to be excluded because it had not been acquired from the Swope Estate, although a contract for its purchase had been made. The syndicate, however, insisted it should be included in the sale, and it then agreed to furnish the funds, and actually did so furnish them, to enable the taxpayer to pay for and acquire the Swope stock. The sale to the syndicate was consummated and the profit made in the transaction was the alleged gain made by the taxpayer or the shareholder of American, as the case may be. The case therefore resolved itself, as petitioner states in its brief, to the question "whether the petitioner was the owner of 36,750 shares of stock of the American Re-Insurance Company on the date of sale of such stock to a purchasing New York syndicate on April 3, 1928, or whether such stock on said date was owned by petitioner's stockholders individually."

The various steps taken, by which an alleged sale by the shareholders of American and not by Liberty, is indicated are recited at length in the findings of fact by the Tax Board, and we avoid needless repetition by reference thereto and confine ourselves to the findings of the board which hold, "So, notwithstanding the forms and devices which were resorted to, we do not think any distribution of the stock in question was ever made by petitioner to its stockholders and consequently we hold that the sale of the stock was by petitioner to the purchasers above named."

After a study of the record which shows grounds for its conclusion, and finding ourselves in accord therewith, the order of the board is approved.