Dear Senator Dyson:
You have requested our opinion concerning the assertion of the attorney-client privilege by the County Attorney for St. Mary's County. Specifically, you ask whether the clients of the county attorney are, as you put it, "the County Commissioners and not the citizens of St. Mary's County." You also ask whether written material prepared by the county attorney for a county agency may be withheld from public disclosure as privileged.
Our opinion is as follows:
1. The corporate entity that is St. Mary's County is the client of the St. Mary's County Attorney. The county commissioners are not individually the clients of the county attorney. However, to the extent that the commissioners and other elected and appointed officials and employees of the county are carrying out the functions of the corporate entity in accordance with law, they are the agents of the client and may be viewed by the county attorney as entitled to speak for the client. Although the county attorney should act with due regard for the public interest, an attorney-client relationship as such does not ordinarily exist between the county attorney and the citizens of the county.
2. A document is not confidential as a matter of law merely because it is prepared by the county attorney. Many documents prepared by the county attorney, however, are privileged because of their content and therefore are not disclosable under the Maryland Public Information Act.[1]
 I Identity of the County Attorney's "Client"
Article 25, § 1 of the Maryland Code begins as follows: "The county commissioners of each county in this State are declared to be a corporation. . . ." The corporate status of the county commissioners is confirmed by the case law. See Neuenschwander v.Washington Suburban Sanitary Comm'n, 187 Md. 67, 48 A.2d 593
(1946); Jay v. County Commissioners, 120 Md. 49, 87 A. 521
(1913).[2] Therefore, the attorney for a county represents the corporate entity.[3]
In the course of representing that corporate entity, a county attorney is subject to the Maryland Rules of Professional Conduct. One of these, Rule 1.13, addresses the responsibility of a lawyer to an organizational client. Under Rule 1.13(a), "a lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." As the comment to the rule points out, "an organizational client is a legal entity, but it cannot act except through its officers, directors, employees, shareholders and other constituents." In this rule, the term "constituents" does not have the political meaning of those who elect the governing officials. Rather, the term "constituents" refers to those who, in the structure of the organization, are entitled to act for it. When the corporation is a county, these "constituents" include the county commissioners, appointed officials, and employees and agents of the county.
The comment to the rule recognizes that "defining precisely the identity of the client and prescribing the resulting obligations of [government] lawyers may be more difficult in the government context. Although in some circumstances the client may be a specific agency, it is generally the government as a whole. For example, if the act or failure to act involves the head of a bureau, the department of which the bureau is a part or the government as a whole may be the client for the purposes of this rule." In other words, the county attorney must consider the extent to which, under applicable law, the official or employee is authorized to act on behalf of the county. Within the scope of lawful authority, the official or employee is an agent of the corporate entity and is entitled to speak on behalf of, and exercise the privileges of, the client.
Certainly, a county attorney, like other public lawyers, has a responsibility to consider the public interest. As the comment to the rule points out, for example, "when the client is a governmental organization, a different balance may be appropriate between maintaining confidentiality and assuring that [a] wrongful official act is prevented or rectified, for public business is involved." Nevertheless, the county attorney generally does not have an attorney-client relationship with members of the public, for they are neither the corporate entity that is the client nor agents of the county authorized by law to act on its behalf.
 II Attorney-Client Privilege — Invocation
A governmental entity is no less entitled to the protection of the attorney-client privilege than any other client. This protection exists both under the common law and by statute.
The attorney-client privilege has ancient origins and was established as a matter of English common law long before the independence of the United States. See Upjohn Co. v. UnitedStates, 449 U.S. 383, 389 (1981); United States v. (Under Seal),748 F.2d 871, 873 (4th Cir. 1984). As one court observed, "the privilege is intended to encourage the client in need of legal advice to tell the lawyer the truth. Unless the lawyer knows the truth, he or she cannot be of much assistance to the client."Samaritan Foundation v. Goodfarb, 862 P.2d 870, 874 (Ariz. 1993).
In Maryland, the attorney-client privilege has been described as "deeply rooted in the common law." State v. Pratt,284 Md. 516, 519, 398 A.2d 421 (1979). Therefore, the privilege is preserved under Article 5 of the Declaration of Rights, which declares that "the Inhabitants of Maryland are entitled to the Common Law of England . . . according to the course of that Law. . . ." The common law privilege is also given statutory recognition: "A person may not be compelled to testify in violation of the attorney-client privilege." § 9-108 of the Courts and Judicial Proceedings Article.
The common law privilege has always been understood to be available to government agencies. See, e.g., Hearn v. Rhay,68 F.R.D. 574, 579 (E.D. Wash. 1975) ("Federal courts have uniformly held that the attorney-client privilege can arise with respect to attorneys representing a state."). As the D.C. Circuit recently observed, "In the governmental context, the `client' may be the agency and the attorney may be an agency lawyer." Tax Analysts v.IRS, 117 F.3d 607, 618 (D.C. Cir. 1997). See also, e.g., In reGrand Jury Subpoena Duces Tecum, 112 F.3d 910 (8th Cir.), cert.denied, 117 S. Ct. 2482 (1997) (recognizing federal government's entitlement to claim attorney-client privilege while rejecting applicability of privilege to notes taken by in-house presidential counsel during meetings with First Lady and her private counsel).
The Maryland Public Information Act ("PIA") likewise recognizes the attorney-client privilege as a basis on which a government agency may withhold documents from public inspection. Under § 10-615(1) of the State Government ("SG") Article, Maryland Code, "a custodian shall deny inspection of a public record or any part of a public record if . . . by law, the public record is privileged or confidential." In addition, under SG, § 10-618(b), "a custodian may deny inspection of any part of an interagency or intra-agency letter or memorandum that would not be available by law to a private party in litigation with the unit." This somewhat awkward provision, adapted verbatim from the federal Freedom of Information Act, has long been held to incorporate the attorney-client privilege. See generally Annotation, Freedom ofInformation Act Exemption (5 U.S.C.S. § 552(b)(5)) for Inter-Agencyand Intra-Agency Memorandums or Letters as Applicable toCommunications to or from Attorneys for the Government, 54 A.L.R. Fed. 280 (1981).
In sum, St. Mary's County, acting through its agents, is entitled to invoke the attorney-client privilege. Unless an official authorized to do so has waived the privilege, the county attorney has a duty to assert it on behalf of the client entity.
 III Attorney-Client Privilege — Scope
"The attorney-client privilege protects confidential communications from clients to their attorneys made for the purpose of securing legal advice or services. . . . The privilege also protects communications from attorneys to their clients if the communications `rest on confidential information obtained from the client.'" Tax Analysts v. IRS, 117 F.3d at 618 (quoting In reSealed Case, 77 F.2d 94, 99 (D.C. Cir. 1984)). See generallyHarrison v. State, 276 Md. 122,135, 345 A.2d 830 (1975).[4] Because the client in this situation, the county, is an organization, "the privilege extends to those communications between attorneys and all agents or employees of the organization who are authorized to act or speak for the organization in relation to the subject matter of the communications." Mead DataCentral, Inc. v. United States Dep't of Air Force, 566 F.2d 242,253 n. 24 (D.C. Cir. 1977). Thus, the attorney-client privilege may be invoked for communications between a county attorney and agents of the county in circumstances where there is "actual confidentiality, limited distribution safeguards, real expectations of confidential status, and the functioning of the attorney as counsel to the agency. . . . Confidentiality must have been both expected at the time and carefully maintained to avoid disclosure." 1 James T. O'Reilly, Federal Information Disclosure
§ 15.14 (2d ed. 1996).[5]
The privilege, however, "is not absolute; it does not restrict disclosure of every aspect of what occurs between the attorney and the client." In re Criminal InvestigationNo. 1/242Q, 326 Md. 1, 11, 602 A.2d 1220 (1992). For example, facts that the attorney may develop independently from sources other than the client are not privileged, even if those facts are included in the lawyer's communication to the client. See Allenv. West Point-Pepperell, Inc., 848 F. Supp. 423, 427-8 (S.D.N Y 1994); Smith v. Conway Organization, Inc., 154 F.R.D. 73, 78
(S.D.N.Y. 1994); Carte Blanche (Singapore) P.T.E., Ltd. v. DinersClub Int'l, 130 F.R.D. 28, 33 (S.D.N.Y. 1990). Moreover, a document that is not itself privileged does not gain privileged status merely because it passes through the attorney's hands or is attached to an attorney's communication to the client. See, e.g.,Pacamor Bearings, Inc. v. Minebea Co. Ltd., 918 F. Supp. 491, 511
(D.N.H. 1996).
At times, a government lawyer may be assigned the role of articulating an agency's view of the law. If, for example, an agency lawyer provides "neutral, objective analyses of agency regulations," these documents may fall outside the privilege.Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854,863 (D.C. Cir. 1980). When the attorney in effect becomes the decision maker for the agency, the documents embodying the decision are not privileged. Schleffer v. United States,702 F.2d 233 (D.C. Cir. 1983).
 IV Other Privileges
The attorney-client privilege is not the only one that might be available to maintain the confidentiality of documents prepared by a county attorney. As a matter of both common law and the PIA, a county attorney may assert the work-product privilege to keep certain material confidential. In general, "documents . . . prepared in anticipation of litigation or for trial" are the attorney's work product. Maryland Rule 2-402(c). This work product is ordinarily not discoverable in civil litigation: "We do not think that discovery in civil cases . . . goes to that which is in essence the work product of the attorney accumulated in the preparation of the case." Wagonheim v. Maryland State Board ofCensors, 255 Md. 297, 309, 258 A.2d 240 (1969), aff'd,401 U.S. 480 (1971). The privilege is intended to keep confidential the "attorney's legal strategy, his intended lines of proof, his evaluation of strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses." Sporck v.Peil, 759 F.2d 312, 316 (3d Cir.), cert. denied, 474 U.S. 903
(1985).
In addition, the PIA protects from disclosure client confidences covered by Rule 1.6 of the Maryland Rules of Professional Conduct. This rule prohibits a lawyer from revealing "information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation," and except as otherwise authorized in the rule or other law. If disclosure of information would place a county attorney in violation of Rule 1.6, then the information is "privileged and confidential" for purposes of a request under the PIA. Harris v. Baltimore Sun Co., 330 Md. 595, 625 A.2d 941
(1993).
Finally, a writing from the county attorney might also be exempt from disclosure if it falls within the executive or governmental privilege aspect of SG, § 10-618(b). See generallyHamilton v. Verdow, 287 Md. 544, 414 A.2d 914 (1980); 66 Opinionsof the Attorney General 98 (1981). This privilege protects materials that are deliberative in character and that were created during the process leading up to a decision. See Office of the Attorney General, Public Information Act Manual 24-26 (7th ed. 1997).
 V Conclusion
In summary, it is our opinion that St. Mary's County, as a corporate entity, is the client of the St. Mary's County Attorney, and the County Attorney may, under appropriate circumstances, invoke the attorney-client and other privileges to maintain the confidentiality of documents encompassed by those privileges.[6]
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions Advice
[1] The status of documents and other records is determined under the Public Information Act, rather than the St. Mary's County Open Meetings Law, Article 24, Title 4, Subtitle 2.
[2] Likewise, counties that have adopted charter home rule are also corporations. See Article 25A, § 1.
[3] In charter home rule counties, the charter may delineate a more specific role for the county attorney — that is, whether the county attorney represents both the executive and legislative branches of government or only the executive branch.Compare, e.g., § 213 of the Montgomery County Charter with § 403(b) of the Harford County Charter.
[4] Under what is called the "joint defense" or "common interest" rule, the privilege can be preserved for communications not only with clients but also among "persons who share a common interest in litigation" and their attorneys. In re Grand JurySubpoenas 89-3 89-4, John Doe 89-129, 902 F.2d 244, 249 (4th Cir. 1990).
[5] Prudence suggests that documents within the privilege be identified as such. The failure to do so, coupled with unnecessary distribution of the documents, may suggest that confidentiality was not intended. See Jonathan Corp. v. PrimeComputer, Inc., 114 F.R.D. 693, 696 n. 6 (E.D. Va. 1987); Hardy v.New York News, Inc.. 114 F.R.D. 633, 644 (S.D.N.Y. 1987).
[6] Subsequent to your request for an opinion, your office provided material from a constituent that, in the constituent's view, evidenced too broad an assertion of privilege by St. Mary's County when certain documents were requested under the PIA. Because the Attorney General's Office has not been granted authority to adjudicate disagreements about the status of records under the PIA, we must limit ourselves to the guidance provided in this opinion and decline to consider whether the County responded correctly to particular requests for documents.
 *Page 23